JUSTICE COTTER,
dissenting,
¶44 I dissent from the Court’s disposition of Issue 1.1 would reverse and remand with instructions to the District Court to enter judgment for plaintiffs on liability as a matter of law, and for a new trial on the *325 issues of causation (if appropriate) and damages only. I would therefore not reach Issues 2 and 3.
¶45 The Court’s primary mistake in resolving Issue 1 is that it focuses on whether there was sufficient evidence to support the verdict. Schufis asked the District Court and this Court on appeal to determine that Jackson was negligent as a matter of law. The Court acknowledges as much in ¶¶ 15 and 16. However, instead of addressing this question, the Court analyzes whether the jury had before it sufficient evidence to conclude that the statute had been violated. See ¶ 23, herein. The Court thus fails to answer the question of whether Jackson was negligent as a matter of law, an affirmative answer to which would obviate the necessity of weighing the sufficiency of the evidence. As we said in Craig v. Schell, upon reversing a defense verdict and concluding that the defendant was negligent as a matter of law, “[allowing such cases to go to the jury results in anomalies, such as what has occurred here.” Craig, ¶ 33.1 think the jury’s verdict here was an anomaly, and that this Court has perpetuated it by failing to address and answer the actual question presented.
¶46 I now turn to the question of whether the District Court erred in failing to grant judgment as a matter of law. It is undisputed, and this Court found, that Jackson knew that the rock formation he was approaching was dangerous to boaters. See ¶ 6, herein. It is further undisputed that Jackson saw rippling water as he approached the sand bar from 100 yards away, and knew that this indicated either shallow water or an obstruction. See ¶ 7, herein. Armed with this knowledge, Jackson chose to operate his boat at a speed of 28-32 miles per hour through the dangerous rock formation area. See ¶ 8, herein. Further, although the Court did not so find, one has to assume that Jackson realized that the risk of injury to his passengers in a collision at 28-32 miles per hour was significantly greater than it would have been at 3-5 miles per hour.
¶47 Section 23-2-523(l)(a), MCA, prohibits a person from operating a motorboat “in a reckless or negligent manner ... by engaging in maneuvers that unreasonably or unnecessarily endanger life, limb, or property ....” The District Court properly instructed the jury that violation of this statute constitutes negligence. See Instruction 11, set forth at ¶ 18, herein. The undisputed facts establish that Jackson violated this statute. He intentionally “engaged in a maneuver” at a high speed virtually guaranteed to cause injury in the event of an impact with a known, anticipated hazard. Moreover, in light of *326 Jackson’s concession that he could have slowed the speed of the boat as he approached the rock formation but chose not to do so, there is no question that he acted “unreasonably and unnecessarily.” Sure, the boat may have been less maneuverable at slow speeds, but the prospect of injury at such speeds would have been slim to none. In sum, Jackson’s own admissions prove the statutory violation, and establish his negligence as a matter of law.
¶48 The fact that Jackson had successfully maneuvered through the rock formation at high speeds on previous occasions, which the Court finds significant, is of absolutely no consequence to the statutory violation analysis. He was simply lucky on those occasions. By focusing on the previous success of Jackson’s conduct instead of its recklessness, the Court misses the point. Jackson was negligent and violated the law each time he proceeded to drive his boat through an obvious hazard at an excessive speed. The difference is that, this time, he actually harmed the “life and limb” of his passengers.
¶49 In Craig v. Schell, we concluded that a driver who violates a traffic statute because he or she reacts to an unanticipated hazard, and injures another person as a result, should be found negligent as a matter of law. Craig, ¶ 33. The statutory violation here is as clear here as it was in Craig. However, unlike the situation in Craig, the hazard here was anticipated and Jackson’s conduct in the face of it was informed and intentional. I would therefore conclude that Jackson violated the safe boat operation statute, and was negligent as a matter of law. I would reverse the District Court and remand for the entry of a directed verdict in favor of the plaintiffs. I dissent from the Court’s failure to do so.